UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY M. SANDERSON, | 1:11-cv-00543-SMS |
| Plaintiff, | **ORDER DISMISSING ENTIRE ACTION FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE** |
| vs. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | (Doc. 16) |
| Defendant. | **ORDER DIRECTING CLERK TO ENTER JUDGMENT AND ADMINISTRATIVELY CLOSE CASE** |

Plaintiff is proceeding pro se and in forma pauperis with this action seeking judicial review of a final decision of the Commissioner of Social Security that denied, in whole or in part, her claim for benefits under the Social Security Act. Pursuant to the consent of the parties (Docs. 9 & 10), and 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 301, the matter has been referred to the Magistrate Judge to conduct all further proceedings, including the entry of a final judgment.

On December 21, 2011, plaintiff was ordered to file her opening brief by February 29, 2012, with or without the assistance of counsel (Doc. 17). On December 22, 2011, the Court issued an Informational Order for Pro Se Litigants, providing

1

plaintiff with specific guidelines to prepare and file her opening brief (Doc. 18).  Plaintiff was also advised therein that failure to comply the Court's order would be grounds for dismissal.  To date, plaintiff has not filed her opening brief, requested an extension of time within which to do so, or otherwise contacted the Court.

Local Rule 110 provides that "...failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions...within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate...dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

1   In determining whether to dismiss an action for lack of
2 prosecution, failure to obey a court order, or failure to comply
3 with local rules, the court must consider several factors:  (1)
4 the public's interest in expeditious resolution of litigation;
5 (2) the court's need to manage its docket; (3) the risk of
6 prejudice to the defendants; (4) the public policy favoring
7 disposition of cases on their merits; and, (5) the availability
8 of less drastic alternatives.  Thompson, 782 F.2d at 831;
9 Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik,
10 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.
11   In this case, the Court finds that the public's interest in
12 expeditiously resolving this litigation and the Court's interest
13 in managing the docket weigh in favor of dismissal.  The third
14 factor, risk of prejudice to defendants, also weighs in favor of
15 dismissal, since a presumption of injury arises from the
16 occurrence of unreasonable delay in prosecuting an action.
17 Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The
18 fourth factor, public policy favoring disposition of cases on
19 their merits, is greatly outweighed by the factors in favor of
20 dismissal discussed herein.  Finally, a court's warning to a
21 party that failure to obey the court's order may result in
22 dismissal satisfies the "consideration of alternatives"
23 requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833
24 at 132-33; Henderson, 779 F.2d at 1424.
25 ////
26 ///
27 //
28 /

Accordingly, it is HEREBY ORDERED that:

1. This action is DISMISSED in its entirety for plaintiff's failure to comply with an order of the Court and for failure to prosecute this action; and,

2. The Clerk is DIRECTED to enter judgment and administratively close the case.

IT IS SO ORDERED.

**Dated:   March 7, 2012**                              /s/ Sandra M. Snyder
                                                                    UNITED STATES MAGISTRATE JUDGE